Nicholas Mazzie et al., Petitioners *v.* Commonwealth of Pennsylvania, Honorable Richard Thornburgh, Governor of the Commonwealth of Pennsylvania et al., Respondents.

Joint Bargaining Committee of the Pennsylvania Social Services Union, Local 668 et al., Intervenors.

Argued June 3, 1981, before President Judge CRUMLISH and Judges ROGERS, BLATT, MACPHAIL and PALLADINO. Judges MENCER, WILLIAMS, JR. and CRAIG did not participate.

*Richard Kirschner,* with him *Alaine S. Williams, Kirschner, Walters & Willig,* for petitioners.

*David H. Allshouse,* Deputy Attorney General, with him *Michael L. Harvey* and *Gregg H. S. Golden,* Deputy Attorneys General, *Allen C. Warshaw,* Chief,

Civil Litigation, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

*Bruce M. Ludwig, Stephen A. Sheller & Associates,* for intervenors.

OPINION BY JUDGE MACPHAIL, August 19, 1981:

Petitioners[1] have filed a petition for review in the nature of a complaint in equity asking this Court to enjoin the Respondents[2] from the implementation of that part of Executive Order 1980-18 (Executive Order) promulgated on September 3, 1980, by Governor Thornburgh, which requires Petitioner Mazzie and other designated employees of the Commonwealth to file a Statement of Financial Interest. At the request of Petitioners, a temporary restraining order was issued by this Court and, subsequently, a preliminary injunction was also entered prohibiting the enforcement of the Executive Order except as to certain high level officials. The validity of the issuance of the preliminary injunction has been sustained by our Supreme. Court. *Mazzie v. Commonwealth of Pennsylvania,* Pa. , A.2d (No. 80-3-791, January Term, 1981, filed July 20, 1981).

An answer containing new matter has been filed by Respondents and leave to intervene was granted to Intervenors.[3] Respondents have filed a motion for summary judgment which was advanced for argument before this Court.

---

[1] Nicholas Mazzie (an employee in the Department of Agriculture) and Council 13, American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME).

[2] The Commonwealth, Governor Richard Thornburgh and Robert C. Wilburn, Secretary of Budget and Administration.

[3] Joint Bargaining Committee of the Pennsylvania Social Services Union, Local 668, Pennsylvania Employment Security Employees Association, Local 675, SEIU, AFL-CIO, and Pennsylvania Social Services Union, Local 668, SEIU, AFL-CIO.

In collateral proceedings, Petitioner-Council 13, AFSCME has filed an unfair labor practice charge before the Pennsylvania Labor Relations Board and has also filed grievances with the Commonwealth alleging that the protested provisions of the Executive Order are in violation of the bargaining agreement between the Commonwealth and its employees. At the time of argument before this Court, neither of those proceedings had been concluded.

Relief in the form of summary judgment may be granted where 1) there is no genuine issue of material fact and 2) the party seeking judgment is entitled to it as a matter of law. Pa. R.C.P. No. 1035(b).

In our memorandum opinion to the Supreme Court in support of our order granting the prohibitory preliminary injunction, we held that Petitioners had the right to pursue their administrative remedies without filing the financial disclosure forms required by the Executive Order. In its majority opinion affirming the grant of the preliminary injunction our Supreme Court said:

> In our view the threshold issue of whether the Code of Conduct is a matter of inherent managerial policy or is a new term and condition of employment should be determined in the first instance by the PLRB and the arbitrator. Pennsylvania labor policy not only prefers but requires the submission to arbitration of public employee grievances arising out of the interpretation of collective bargaining agreements. (Citations omitted.)
>
> . . . .
>
> We are, therefore, in accord with the Commonwealth Court's decision which permits petitioners to exhaust their administrative remedies without filing financial disclosure forms.

Slip op. at 13-14.

As we have noted, this action is one to restrain the Respondents from requiring Petitioners to file financial disclosure forms under the provisions of the Executive Order. If we grant Respondents' motion now before us, it means that Petitioners will be required to file the forms even though it may be determined subsequently that the Executive Order is in violation of the bargaining agreement and hence, invalid. Such a result would be highly prejudicial to Petitioners.

Accordingly, because we remain of the opinion that Petitioners have the right to a determination of their administrative remedies before we reach the substantive issues of this case, and because we are unable to say as a matter of law that Respondents are entitled to judgment until that preliminary administrative determination is made, we must deny Respondents' motion for summary judgment.

ORDER

AND Now, this 19th day of August, 1981, the motion for summary judgment filed by Commonwealth of Pennsylvania, Honorable Richard Thornburgh and Robert C. Wilburn, is denied.