City of Harrisburg and The City of Harrisburg Police Department, Appellants v. Capital City Lodge No. 12, Fraternal Order of Police, Appellee.

Argued November 16, 1983, before Judges ROGERS, BARRY and BARBIERI, sitting as a panel of three.

*Nathan H. Waters, Jr.,* with him *Edward J. Carreiro, Jr.,* for appellants.

*Anthony C. Busillo, II, Mancke, Lightman & Wagner,* for appellee.

Opinion by Judge Barbieri, February 9, 1984:

The City of Harrisburg, Pennsylvania, and the City of Harrisburg Police Bureau (Appellants) appeal here an order of the Court of Common Pleas of Dauphin County granting a preliminary injunction in favor of plaintiff in the action, Capital City Lodge No. 12, Fraternal Order of Police (Appellee). The preliminary injunction restrains Appellants from carrying out a change in days off procedure contrary to established work practice, the change having taken place unilaterally by direction of the Harrisburg Police Department without prior bargaining.

Appellants contend that it was error for the common pleas court to enter the preliminary injunction, since this action was in violation of the Labor Anti-Injunction Act;[1] and that, in any event, the necessary

---

[1] Act of June 2, 1937, P.L. 1198, *as amended,* 43 P.S. §§206a—206r.

prerequisites for granting a preliminary injunction had not been established. We disagree and will affirm.

Prior to November 24, 1982, Harrisburg police officers followed an established practice of scheduling their days off on the basis of seniority, with two consecutive days of the work week from Sunday through Saturday inclusive, being available for selection. Under this plan, the Friday-Saturday day off period was most popular and was generally selected by those having the seniority to do so. As of November 24, 1982, the Harrisburg Police Department instructed the Harrisburg policemen that, beginning January 1, 1983, scheduled days off would be chosen only on a Saturday-Sunday, Monday-Tuesday or Wednesday-Thursday basis, eliminating Friday as a possible day off selection, and designated Friday as a training day only. The policemen, represented by Capital City Lodge No. 12, Fraternal Order of Police, deeming that the right of selection existing prior to November 24, 1982 with regard to scheduling and selecting of days off to be a term and condition of employment, felt that a unilateral change of the pre-existing policy without prior bargaining was an unfair labor practice within the intendment of Section 6 of the Pennsylvania Labor Relations Act, Act of June 1, 1937, P.L. 1168, *as amended*, 43 P.S. §211.6. Accordingly, the policemen filed an unfair labor practice charge with the Pennsylvania Labor Relations Board (PLRB) followed by an action to preliminarily enjoin the City of Harrisburg Police Department from carrying out the order of November 24, 1982, until the PLRB would have passed upon the issue.

The common pleas court, dealing first with the contention that injunctive relief was barred by the Anti-Injunction Act ruled against the Appellants, pointing out that the Anti-Injunction Act exempts from its

scope any "labor dispute . . . which is in disregard, breach, or violation of . . . a valid subsisting labor agreement arrived at [by collective bargaining], as defined and provided for in the act [the Pennsylvania Labor Relations Act, 43 P.S. §§211.1—211.39]. . . ."[2] The common pleas court stated:

> It is immaterial, for our purposes, whether the prior custom of choosing days off by seniority is a "term and condition of employment," as plaintiffs argue it is, or whether it is within the scope of management prerogative, as defendants argue. In either case this labor dispute is at least in disregard of the present labor contract between the City and its policemen. Therefore the Labor 'Anti-Injunction Act, by its own terms, is inapplicable here.
>
> Since we determine that our equity power in this case is unrestricted by the Anti-Injunction Act, we find that the matter before us is controlled by the decision of our Supreme Court in Mazzie v. Commonwealth, 495 Pa. 128, 432 A.2d 985 (1981). The issue of whether the prior days off selection procedure is a "term and condition of employment" or a "matter of inherent managerial policy . . . should be determined in the first instance by the PLRB." Mazzie, supra, 395 Pa. at 137, 432 A.2d at 990, Mazzie v. Commonwealth, 61 Pa. Cmwlth 393, 395, 433 A.2d 913, 914 (1981). Therefore we grant this preliminary injunction to preserve the status quo while plaintiffs pursue their administrative remedies.

---

[2] Article XXVIII of the 1982 "Basic Labor Agreement" between the City of Harrisburg, Pennsylvania and Capital City Lodge No. 12, Fraternal Order of Police, Harrisburg, Pennsylvania, provides: "All other benefits previously enjoyed by the Police Department shall remain 'as is'."

We agree that *Mazzie,* cited in the above quotation, is a persuasive authority in support of the preliminary injunction in this case and, therefore, reject Appellants' second contention. While Appellants argue that the matter restrained in *Mazzie* was more vital than the changes in day off scheduling in this case, Appellee points out that the action of the Police Department disregards the very heart of the seniority benefits which have accrued to the policemen over the years. In any event, it was within the sound discretion of the chancellor at the common pleas level to evaluate the significance of the deprivation here, bearing in mind, of course, as we have pointed out in *Commonwealth v. Pennsylvania Labor Relations Board,* 74 Pa. Commonwealth Ct. 1, 459 A.2d 452 (1983), that a unilateral change in working conditions, there a prohibition on smoking, is an unfair labor practice irrespective of whether the employer's unilateral action takes place during the term of a collective bargaining agreement or following the expiration of such an agreement. We noted, also, in that case that matters having to do with "break time," indistinguishably similar to the days off scheduling in this case, have been held to be matters which must be submitted to bargaining, citing, *inter alia American Oil Co. v. National Labor Relations Board,* 602 F.2d 184 (1979) (revision of work schedule) and *International Woodworkers of America, AFL-CIO v. National Labor Relations Board,* 380 F.2d 628 (1967) (work week changes).

As in *Commonwealth v. Pennsylvania Labor Relations Board,* we find unpersuasive Appellants' argument that equity should not intervene since arbitration procedures are available.

Since we find no error in the granting of a preliminary injunction by the common pleas court, we will affirm.

198

### ORDER

Now, February 9, 1984, the order of the Court of Common Pleas of Dauphin County at No. 4262 Equity Term, 1982, dated December 29, 1982, is affirmed.