## Fraternal Order of Police Haas Memorial Lodge No. 7 v. City of Erie

*Charles Agresti,* for plaintiff.
*Eugene Placidi,* for defendant, City of Erie.
*Gery Nietupski,* for defendant.

LEVIN, *J.,* December 18, 1986 — This matter comes before the court on plaintiff's complaint in equity for a preliminary injunction. Plaintiff seeks to enjoin defendant from certain acts ordered by defendant City of Erie against plaintiff pending a determination by the Pennsylvania Labor Relations Board (hereinafter referred to as board) of an alleged unfair labor practice. The hearing on this matter was originally set for December 1, 1986, at 12:00 noon. Pursuant to a stipulation of parties, the hearing was continued until December 17, 1986, at 9:30 a.m. with a preliminary injunction to remain in effect without bond. The parties further agreed that plaintiff would not be required to file bond for this injunction, pending the filing of this opinion. During this period, the parties would continue to negotiate.

## FINDINGS OF FACT

1. Plaintiff is the collective bargaining agent recognized by the Pennsylvania Labor Relations Board for certain employees of the Bureau of Police, City of Erie.

2. Defendant City of Erie is a municipal corporation operating in the City of Erie, Commonwealth of Pennsylvania.

3. Defendant, City of Erie, and plaintiff entered into a collective bargaining agreement dated January 1, 1985.

4. It has been a practice over some period of time for the Bureau of Police, City of Erie, employees to work one of three eight-hour shifts, seven days a week, 52 weeks a year on a rotating basis.

5. The above findings constitute a possible term and condition of their employment.

6. In November 1986 defendant published a notice requiring all Bureau of Police employees to select their vacation periods for the 1987 year based on either a three-platoon or a four-platoon system.

7. A four-platoon system is a shift rotation encompassing four shifts within a given 24-hour period.

8. Defendant, at a meeting with plaintiff's representative held on November 17, 1986, discussed the implementation of a four-platoon system.

9. In attempting to install this four-platoon system, defendant alleges it is doing so for public safety and that it is authorized to do so based on its inherent managerial rights.

10. On November 24, 1986, plaintiff filed a charge of unfair labor practices with the board based on defendant's action as hereinbefore stated. Plaintiff requested that the board investigate the charge, conduct a hearing and determine the propriety of defendant's unilateral change in the terms and conditions of employment by the implementation of the aforestated shift rotation without prior negotiations, bargaining or arbitration.

11. The Pennsylvania Labor Relations Board, by virtue of the aforementioned actions, could possibly find in its first order that an unfair labor practice has been committed by the defendant, City of Erie.

12. The parties scheduled and conducted meetings to negotiate the changes in the four-platoon system.

13. Collective bargaining must begin at least six months before the start of the fiscal year of the political subdivision or of the Commonwealth, as the case may be, and any request for arbitration, as hereinafter provided, shall be made at least 110 days before the start of the said fiscal year.

14. A hearing in this case was held before this court on December 17, 1986. At that hearing, it was enunciated to this court that no agreement had been reached by the parties by virtue of the negotiations on the institution of the four-platoon system.

15. Although not officially passed or signed by the mayor, it is the probable intention of the city to adopt the four-platoon system as of January 1, 1987, unless there is a negotiated agreement to the contrary.

16. The injunction sought by plaintiff is a prohibitive injunction requesting only a continuation of the status quo pending the initial Pennsylvania Labor Relations Board hearing.

## DISCUSSION

In deciding this matter, the threshold issue is whether this court has the power to issue a preliminary injunction to maintain the status quo when the underlying cause of action involves a question of a commission of an unfair labor practice.

The Pennsylvania Supreme Court has held that although the Pennsylvania Labor Relations Board has exclusive jurisdiction over unfair labor practice proceedings, the courts of this Commonwealth have the power to grant additional relief, including injunctive relief. They can do this where the remedy obtainable before the board is inadequate. Mazzie v. Commonwealth, 495 Pa. 128, 432 A.2d 985 (1981). Hollinger v. Dept. of Public Welfare, 469 Pa. 358, 365 A.2d 1245 (1976). Only in limited circumstances, none of which are here involved, does the Pennsylvania Labor Relations Board have the right to grant injunctive relief.

Admittedly, there is a distinction between a mandatory injunction and a prohibitory injunction. This

difference is succinctly set forth by the Mazzie court:

"[M]andatory injunctions . . . command the performance of some positive act to preserve the status quo, and prohibitory injunctions . . . enjoin the doing of an act that will change the status quo. This court has engaged in greater scrutiny of mandatory injunctions and has often stated that they should be issued more sparingly than injunctions that are merely prohibitory." (Citations omitted.)

Mazzie v. Commonwealth, supra, 495 Pa. at 134, 432 A.2d at 988. Where a preliminary injunction is prohibitory, that court went on to state:

"[We] will not review the merits of the controversy but will only determine if there were any apparently reasonable grounds to support the action and will reverse only if no such grounds exist." (Citations omitted.) Id. As such the court has greater latitude to issue prohibitory injunctions. Nevertheless, when granting a prohibitory injunction, the court must still determine if there is a reasonable basis to charge the city with the commission of an unfair labor practice. However, the granting of a preliminary prohibitory injunction does not mean that a decision has been made by this court on the merits of the unfair labor practice charge. That decision must rest primarily with the Pennsylvania Labor Relations Board. Mazzie v. Commonwealth, supra. See: Roberts v. Board of Directors of School District of Scranton, 462 Pa. 464, 341 A.2d 475 (1975); Bell v. Thornburgh, 491 Pa. 263, 420 A.2d 443 (1980). Furthermore, the findings of any court in determining whether injunctions should be issued is not res adjudicata as to the merits.

The above principles were more recently enunciated in City of Harrisburg v. Capital City Lodge no. 12, 80 Pa. Commw. 193, 471 A.2d 166 (1984). That

case in many ways mirrors the present case. The Commonwealth Court found that a preliminary injunction to maintain the status quo was appropriate inasmuch as the unilateral action taken by the police department disregarded certain seniority benefits which accrued to the employees. Id.

Applying the aforementioned law to the facts of this case, the following becomes apparent:

1. The plaintiff is seeking only a prohibitory injunction to maintain the status quo pending the initial order of the Pennsylvania Labor Relations Board;

2. The City of Erie, in the present matter, may have unilaterally changed an alleged pre-existing policy which could possibly be construed by the Pennsylvania Labor Relations Board as a term of employment without negotiating or bargaining with the plaintiff; and

3. There is a legitimate query as to whether a reasonable ground exists for plaintiff's contention that the city committed an unfair labor practice. In spite of the defendant's contention that this change was proper as it was within its inherent managerial capacity, in the final analysis only the Pennsylvania Labor Relations Board can make such a determination.

Irrespective of the fact the city had good intentions or worthy goals in this matter, these factors alone cannot determine the outcome of this case. The court is obligated to follow the applicable law, regardless of the admirable positions of the parties.

Assuming the court accepts the defendant's premise that the right to make changes in policy which affect employment are within the defendant's inherent managerial capacity, this argument carried to its logical extreme would allow the city to unilaterally change all working conditions. This be-

ing so, the city could even eliminate, inter alia, seniority rights and vacation pay. Once having done so, the employees would then have to travel the protracted and often tedious route of litigation. These employees would have to make various and sundry stops along the way. This would be similar to a pregnant mother who was forced to take a school bus to go to the hospital. The pregnant mother would have to remain in her seat while the bus makes numerous stops on a long and circuitous route throughout the city to pick up other students to attend school prior to delivering her to the hospital.*

During this long period of time, these employees would be deprived of valuable property rights, legal rights, and contractual rights which could never adequately be recovered. A more realistic approach is for the court to exercise its equitable power when not constrained by precedent to do otherwise, to stop potential injustice. It is a truism that a court has an obigation to correct injustice, and unless it does so, certain injustices could never be remedied.

If an injunction is granted for a period of time, the city will not be without remedy. This is true, since the board could possibly determine that the city was protecting the public interest by exercising its managerial power. If the board issued such a ruling, the

---

*The long and circuitous route of the plaintiffs would be as follows:

1. File charges with the labor relations board and attend board hearings;

2. Respond to and argue the exceptions to the Pennsylvania Labor Relations Board ruling filed by defendant/employer;

3. Respond to the employer's appeals at the Commonwealth Court level; and finally,

4. Respond to the petition for the allowance of appeal to the Pennsylvania Supreme Court.

injunction would be quickly dissolved and the city could act accordingly.

Considering the above, it is incumbent upon this court to fashion a temporary remedy by entering a preliminary injunction.

The court would be remiss if it did not express its desire to all parties that they settle this labor suit. Negotiations should always be conducted in a harmonious fashion with the goal that the ultimate end will be settlement. If this is accomplished, the relationship between the parties would become more amiable.

Finally, a bond is to be posted by the plaintiff in conformity with the order filed in this case. This bond is governed by Pa.R.C.P. 1531.

## CONCLUSIONS OF LAW

1. There is a possibility that the Pennsylvania Labor Relations Board in its initial ruling could find that the defendant committed an unfair labor practice by the institution of the new policy as it relates to the four-platoon system.

2. The injunction sought by the plaintiff is prohibitive and not mandatory and therefore the court has greater latitude in ordering such an injunction.

3. The injunction requested by plaintiff would only maintain the status quo, the result of which would give adequate protection to all parties for the reasons hereinbefore stated.

4. A bond in some amount is required when an injunction of this type is issued against a municipal body.

5. The mere fact that negotiations were scheduled between plaintiff and defendant and were being conducted concerning the four-platoon system does not prevent the issuance of a preliminary injunction by the court to maintain the status quo.

6. The issuance of preliminary injunction does not in itself preclude the parties from negotiating the aforestated matters.

7. If the Pennsylvania Labor Relations Board rules that it was an unfair labor practice to institute the four-platoon system, then the city would not be able to implement the same unless otherwise allowed by the Pennsylvania Labor Relations Board or appellate court.

8. The equitable power of the court and its right to issue injunctive relief in cases of this type are not restricted by the Anti-Injunction Act, 43 Pa. §206(a), et seq.

## ORDER

And now, this December 18, 1986, it is hereby ordered, adjudged and decreed that defendants are preliminarily enjoined from unilaterally instituting a four-platoon system, as more fully described in the opinion filed with this order. This injunction will continue until such time as the Pennsylvania Labor Relations Board enters its initial ruling on the merits as to whether the city committed or attempted to commit an unfair practice by the institution of a four platoon system. In the event the Pennsylvania Labor Relations Board initially finds the City of Erie committed no unfair labor practice in its attempt to institute a four-platoon system, this injunction will be dissolved.

Plaintiff is hereby ordered to post a nominal bond within 24 hours of this order. Since the court is aware of no monetary damages to be incurred by the City of Erie by virtue of granting this request for injunction, this bond is set at $500.

This bond is to be turned over defendant, City of Erie, in the event the Pennsylvania Labor Relations

Board in its initial ruling determines that no unfair labor practice has been committed by the defendant in attempting to institute the four-platoon system. Conversely, the bond should be returned to plaintiff if the Pennsylvania Labor Relations Board enters an initial order in plaintiff's favor.